1  NICOLA T. HANNA
   United States Attorney
2  DOROTHY A. SCHOUTEN
   Assistant United States Attorney
3  Chief, Civil Division
   ROBYN-MARIE LYON MONTELEONE
4  Assistant United States Attorney
   Chief, General Civil Section
5  MONICA L. MILLER (CBN 157695)
   Assistant United States Attorney
6          Federal Building, Suite 7516
           300 North Los Angeles Street
7          Los Angeles, California 90012
           Telephone: (213) 894-4061
8          Facsimile: (213) 894-7819
           E-mail: monica.miller@usdoj.gov
9
   Attorneys for Defendant
10 United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FASSIL HAWAZ, an individual and COMPTON CONVENIENT MARKET, a California Proprietorship,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | No. 2:17-cv-02967-PA (PJWx)<br><br>**STIPULATION FOR PROTECTIVE ORDER**<br><br>Honorable Patrick J. Walsh<br>United States Magistrate Judge |

IT IS HEREBY STIPULATED by and between the parties, through their undersigned counsel and subject to Court approval, that a Protective Order be issued to permit Defendant United States of America to release specified documents and information in this litigation.

I. Purpose of Stipulation for Protective Order

A. Plaintiffs filed this action challenging the decision of the United States Department of Agriculture's Food and Nutrition Service (FNS) to permanently disqualify Plaintiffs from further participation in the food stamp program known as the Supplemental Nutrition Assistance Program (SNAP) based on allegations that Plaintiffs trafficked in food stamps (exchanged food stamps for cash).

B. Defendant possesses or has access to the following categories of documents and information which may be relevant to the parties' claims or defenses, that contains information protected from disclosure by the Privacy Act of 1974[1], 5 U.S.C. § 552(a) et seq.; the Food Stamp Program and federal regulations promulgated thereunder, 7 U.S.C. § 2020(e)(8) and 7 C.F.R. § 272.1(c); and/or the law enforcement privilege, including information about non-parties and FNS contractors who work in undercover capacities:

   a. The identity and contact information for the individual who conducted an investigation of the store on June 10, 2016, on behalf of the FNS. The FNS relies upon contractors to conduct undercover investigations for law enforcement purposes.
   b. Information regarding stores used for purposes of comparing EBT transactions at Compton Convenient Market to other stores in the area.
   c. Data used by the FNS to compare EBT transactions at Compton Convenient Market to other stores in the area.

---

[1] The Privacy Act generally prohibits Defendant from disclosing "records" of individuals without their consent. *See* 5 U.S.C. § 552a(a)(4), (b). Disclosure is permitted, however, if made "pursuant to the order of a court of competent jurisdiction." *Id.* § 552a(b)(11).

1

     d. Policy Memo 96-02, *Taking Administrative Action Against Violating EBT Stores Based on Transaction Data.* This document will be provided without the attachment, a sample charge letter, which contains protected personnel information regarding a business and individual not at issue in this case.

     e. Policy Memo 00-02, *Charge Letters Issued to Violating EBT Stores Based on ALERT (Anti-Fraud Locator Using Retailer Transactions)/EBT (Electronic Benefit Transfer) Transaction Data* (Addendum to 96-02 and 98-01).

     f. Compliance 4-1, Identification & Analysis of Potential Program Violators, Origination Date April 2012.

     g. Compliance 4-2, Complaints and SLEBS, Origination Date April 2012.

     h. Compliance 4-3, EBT Analysis Case, Origination Date March 2009.

     i. Compliance 4-7, Administrative and Judicial Review, Origination date June 2009.

  C. The parties submit that the need for disclosure of the foregoing categories of documents and information outweighs any potential harm to nonparties, provided that appropriate safeguards are imposed and that the disclosed documents and information are used solely in this litigation.

  D. This Stipulation permits Defendant to produce the specified documents and information, but does not require production.

  E. This Stipulation is not intended to affect the rights of any party to object to discovery pursuant to the Federal Rules of Civil Procedure or other authority, nor is it intended to alter any burden of proof regarding the assertion of a privilege.

  F. Neither the Stipulation nor Protective Order constitutes a ruling on whether a particular document or category of information is discoverable or admissible.

G. Nothing in this Stipulation prohibits a party from seeking further protection by a Court-approved stipulation or applying to the Court directly.

H. Nothing in this Stipulation waives the right of Defendant to use, disclose, or disseminate documents or information in accordance with the provisions of the Privacy Act or other statutes, regulations, or policies.

I. The Department of Justice, the United States Attorney's Office, and the United States Department of Agriculture shall bear no responsibility or liability for any disclosure made pursuant to the Protective Order sought by this Stipulation.

II. <u>Disclosure and Use of Protected Material</u>

1. Documents produced pursuant to the Protective Order shall be designated by stamping "Confidential" on the pages of the document. Other than first and last names, addresses and work phone numbers, personally identifiable information shall be redacted.

2. If Defendant believes that a response to an informal or formal discovery request concerns the categories of documents and information subject to the Protective Order, counsel will designate that response as subject to the Protective Order by interposing the phrase "Confidential" prior to the response.

3. The documents and information designated as subject to the Protective Order ("Protected Material") are to be used solely for the purpose of this litigation and not for any other purpose whatsoever.

4. Protected Material may be disclosed only to:

 a. Counsel of record for the plaintiffs; and

 b. experts, if any, who are retained or consulted by the parties for the purposes of providing testimony or performing other services relating to this action, provided that they execute and file with the Court the attached Agreement to be Bound by Protective Order.

5. No party shall lodge or filed documents, pleadings, transcripts, or other materials in this litigation that contain or disclose Protected Material without obtaining

| | |
|---|---|
| 1 | Court approval to lodge or file the Protected Material under seal pursuant to Local Rule |
| 2 | 79-5.1  All documents, pleadings, transcripts, or other materials lodged or filed in this |
| 3 | litigation (including any appeal) that contain or disclose Protected Material must be |
| 4 | submitted under seal.  All deposition transcripts that contain or disclose Protected |
| 5 | Material must be maintained under seal and subject to the Protective Order even if they |
| 6 | are not lodged or filed with the Court. |
| 7 | 6. In the event that a document protected by the attorney-client privilege, the |
| 8 | attorney work product doctrine or other applicable privilege or protection is |
| 9 | unintentionally produced by Defendant, Defendant may request that the document be |
| 10 | returned.  In the event that such a request is made, all recipients shall promptly return all |
| 11 | copies of the document in their possession, custody, or control to the Defendant and shall |
| 12 | not retain or make any copies of the document or any documents derived from such |
| 13 | document.   The unintentional disclosure of a privileged or otherwise protected |
| 14 | document shall not constitute a waiver of the privilege or protection with respect to that |
| 15 | document or any other documents involving the same or similar subject matter. |
| 16 | 7. If Plaintiffs' attorneys learn that, by inadvertence or otherwise, they have |
| 17 | disclosed Protected Material to any person or in any circumstance not authorized under |
| 18 | this Stipulated Protective Order, they must immediately (a) notify Defendant in writing |
| 19 | of the unauthorized disclosures, (b) use their best efforts to  retrieve all unauthorized |
| 20 | copies of the Protected Material, (c) inform the person or persons to whom unauthorized |
| 21 | disclosures were made of all the terms of this Order, and (d) request such person or |
| 22 | persons to execute the attached Agreement to be Bound by Protective Order. |
| 23 | 8. Within 30 days of the termination of this litigation (including any appeal), |
| 24 | Plaintiffs' counsel of record must return to Defendant all originals or duplicates (as |
| 25 | defined by Federal Rule of Evidence 1001) of Protected Material, not including |
| 26 | documents filed with the Court.  Plaintiffs' counsel must notify the District Court in |
| 27 | writing that all Protected Material has been returned to Defendant.  If Plaintiffs' counsel |
| 28 | |

fails to do so, Defendant may immediately file a notice of noncompliance to obtain from the Court an Order to Show Cause why sanctions should not be imposed.

9. The parties agree to the foregoing previsions in both form and substance, and consent to entry of the concurrently filed [Proposed] Protective Order.

DATED: January 23, 2018.

            **METROPOLITAN LAW GROUP, PLLC**

            /s/
            ANDREW Z. TAPP

            Attorneys for Plaintiffs

DATED: January 23, 2018.

            NICOLA T. HANNA
            United States Attorney
            DOROTHY A. SCHOUTEN
            Assistant United States Attorney
            Chief, Civil Division
            ROBYN-MARIE LYON MONTELEONE
            Assistant United States Attorney
            Chief, General Civil Section

            /s/ *Monica L. Miller*
            MONICA L. MILLER
            Assistant United States Attorney

            Attorneys for Defendant
            United States of America

IT IS SO ORDERED.
DATED: January 26, 2018

            Patrick J. Walsh
            Chief U.S. Magistrate Judge

**EXHIBIT A**

NICOLA T. HANNA
United States Attorney
DOROTHY A. SCHOUTEN
Assistant United States Attorney
Chief, Civil Division
ROBYN-MARIE LYON MONTELEONE
Assistant United States Attorney
Chief, General Civil Section
MONICA L. MILLER (Cal. Bar No. 157695)
Assistant United States Attorney
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-4061
Facsimile: (213) 894-7819
E-mail: Monica.miller@usdoj.gov

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FASSIL HAWAZ, an individual and COMPTON CONVENIENT MARKET, a California Proprietorship,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendants. | No. 2:17-cv-02967-PA (PJWx)<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**<br><br><br><br>Honorable Percy Anderson<br>United States District Judge |

The undersigned, having read and fully understood the terms of the Protective Order entered by the Court in the above-captioned action, hereby agrees to be bound thereby. The undersigned agrees that Protected Material, as defined in the Joint Stipulation for Protective Order, may be used only in this litigation and not for any other purpose whatsoever. The undersigned agrees not to disseminate or disclose Protected Material or

the contents thereof.  If an original or reproduction of the Protected Material has been provided to the undersigned pursuant to the Protective Order, it shall be returned by the undersigned within 10 days to counsel requesting the return or within 10 days of the conclusion of any work performed by the undersigned in this litigation.

Dated:

_____
Name

_____
Signature